*Filed in open Court this 3rd day of September 2008*
*nmo.*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No. 08-093-JJF |
| | ) |
| CONNELL KOGER, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OF PLEA AGREEMENT

Pursuant to discussions between the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Geoffrey G. Grivner, Special Assistant United States Attorney for the District of Delaware, and the defendant, Connell Koger, by and through his attorney, Luis A. Ortiz, Esquire, the following agreement is hereby entered into knowingly, voluntarily and intelligently by the respective parties:

1. The defendant shall plead guilty in the United States District Court for the District of Delaware to Count One of the Indictment in the above case. Count One of the Indictment charges the defendant him with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). The maximum penalties for a violation of Count One of the Indictment are a term of imprisonment of ten years, a fine of $250,000, three years supervised release, or any or all of the above, and a $100 special assessment.

2. The defendant understands that if the case proceeded to a trial, the Government would have to prove three elements for the offense charged in Count One – (1) that on or about June 1, 2008, he knowingly possessed a firearm, that is a Model R.G. 14 .22 caliber revolver, serial number L646293; (2) he had previously been convicted of a felony crime punishable by more than one year's imprisonment in the Superior Court in and for New Castle County, Delaware; and (3) the firearm affected interstate commerce, that is, that the firearm had previously crossed state lines. The

defendant knowingly, voluntarily and intelligently admits his guilt to those three elements of the offense alleged in Count One of the Indictment in the above case and knowingly, voluntarily and intelligently desires to resolve this prosecution by pleading guilty to Count One of the Indictment in accord with the provisions of this Memorandum of Plea Agreement.

3. The defendant agrees to forfeit all interests in the firearm and ammunition involved in the violation alleged in Count One of the Indictment, to wit, the Model R.G. 14 .22 caliber revolver, serial number L646293, and six (6) rounds of ammunition, all of which were seized in Wilmington, Delaware on or about June 1, 2008. The defendant further agrees to waive all interest in any such assets in any administrative or judicial forfeiture proceeding, whether criminal or civil, state or federal. The defendant agrees to consent to the entry of orders of forfeiture for such property and waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. The defendant acknowledges that he understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this, pursuant to Rule 11(b)(1)(J), at the time his guilty plea is accepted.

4. The defendant understands that the District Court must consider the United States Sentencing Guidelines and the factors set forth in 18 U.S.C. Section 3553(a) in determining an appropriate sentence. At this stage (prior to the preparation of the pre-sentence report), the defendant should expect that the Government will recommend that the Court impose a sentence consistent with the sentencing range set forth by the sentencing guidelines. The defendant understands, however, that the ultimate determination of an appropriate sentence will be up to the sentencing judge. The Court may impose a sentence which exceeds, falls below, or is contained within the sentencing range prescribed by the sentencing guidelines. The defendant expressly

acknowledges that if the Court imposes a sentence outside the range set forth in the sentencing guidelines, or otherwise different than the defendant expected, or contrary to the recommendation of his attorney or the United States, the defendant will not be allowed to withdraw his guilty plea on that basis.

5.  Provided that the United States does not subsequently learn of conduct by the defendant inconsistent with acceptance of responsibility, the United States agrees that in consideration of the defendant's timely guilty plea, a two offense level reduction under U.S.S.G. §3E1.1 for the defendant's affirmative acceptance of responsibility is appropriate.

6.  The defendant agrees to pay the $100 special assessment on the day of sentencing. Should he fail to do so, the Defendant agrees to voluntarily enter the United States Bureau of Prisons' administered program known as the Inmate Financial Responsibility Program through which the Bureau of Prisons will collect a portion of defendant's prison salary and apply it on defendant's behalf to the payment of the outstanding debt ordered.

7.  The United States Attorney reserves the right to defend any ruling of the District Court.

8.  It is further agreed by the undersigned parties that this Memorandum supersedes all prior promises, representations, and statements of the parties; that this Memorandum may be modified only in writing signed by all the parties; and, that any and all promises, representations,

and statements made prior to or after this Memorandum are null and void and have no effect whatsoever.

*[signature]*  
Luis A. Ortiz, Esquire  
Attorney for Defendant

COLM F. CONNOLLY  
United States Attorney

By: *[signature]*  
Geoffrey G. Grivner  
Special Assistant United States Attorney

*[signature]*  
Connell Koger  
Defendant

Dated:

AND NOW, this __3__ day of __September__, 2008, the foregoing Memorandum of Plea Agreement is hereby (accepted) (rejected) by this Court.

*[signature]*  
Honorable Joseph J. Farnan, Jr.  
United States District Judge  
District of Delaware

4